JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Tenet Hospitals, Limited, d/b/a Doctors Hospital of Dallas; Tenet Healthsystem Hospitals, Dallas d/b/a RHD Memorial Medical Center and Trinity Medical Center

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Dallas__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Texas Health Choice, L.C.

3-02CV1940-N

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Dallas__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See attached.

ATTORNEYS (IF KNOWN)

See attached.

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☒ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Lawsuit filed over insurance claims of Texas Health Choice enrollees who receive coverage under the federal Medicare program and enrollees covered by the Federal Employee Health Benefits Program. Case is removed pursuant to 42 U.S.C. Section 1395, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ To be established

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY   No related cases.

JUDGE _____   DOCKET NUMBER _____

DATE: 9/9/02

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Attachment to Civil Cover Sheet JS-44
Tenet Hospitals, Limited, d/b/a Doctors Hospital of Dallas, et al. v. Texas Health Choice, L.C.

I.(c)   Plaintiffs' Attorneys:

James E. Gjerset
Shauna L. Lorenz
Gjerset & Lorenz, L.L.P.
2801 Via Fortuna, Suite 600
Austin, TX  78746
(512) 899-3995
(512) 899-3939 FAX


Defendant's Attorneys:

Penny Hobbs
Scott Cooley
Judy Frederick
McGinnis, Lochridge & Kilgore, L.L.P.
1300 Capitol Center
919 Congress Avenue
Austin, TX  78701
(512) 495-6000
(512) 495-6093 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TENET HOSPITALS, LIMITED, d/b/a ) <br> DOCTORS HOSPITAL OF DALLAS; ) <br> TENET HEALTHSYSTEM HOSPITALS, ) <br> DALLAS, INC., d/b/a RHD MEMORIAL ) <br> MEDICAL CENTER and TRINITY ) <br> MEDICAL CENTER, ) <br>    ) <br> Plaintiffs, ) <br>    ) <br> v. ) <br>    ) <br> TEXAS HEALTH CHOICE, L.C., ) <br>    ) <br> Defendant. ) | **3-02CV1940-N** <br><br> Civil Action No. _____ |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Texas Health Choice, L.C. ("THC"), submits this notice of removal of this civil action from the J-191st District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1441, *et seq.* The grounds for removal are as follows.

### Background

1.      Plaintiffs Tenet Hospitals, Limited, d/b/a Doctors Hospital of Dallas, and Tenet Healthsystem Hospitals, Dallas, Inc., d/b/a RHD Memorial Medical Center and Trinity Medical Center (the "Hospitals"), are participating providers that provide hospital services to enrollees of THC.

2.      At all times relevant to this lawsuit, THC had, and is still subject to, a Medicare+Choice contract with the federal Centers for Medicare & Medicaid Services pursuant to Title 42, Part 422, Code of Federal Regulations.

3. In addition, at all times relevant to this lawsuit, THC was a contracting carrier under the Federal Employees Health Benefits Program.

4. This action involves claims by the Plaintiff Hospitals for payment for services provided to THC enrollees who receive their health insurance coverage through the federal Medicare+Choice program and of THC enrollees covered by the Federal Employee Health Benefits Program. (See Affidavit of David Marlon, a copy of which is attached to this notice behind Tab 5.)

## Exclusive Federal Jurisdiction for Medicare Claims

5. Because this matter involves Medicare claims, the state court does not have jurisdiction. Federal courts have exclusive jurisdiction under the Medicare Act, 42 U.S.C. § 1395, *et seq*.

6. Claims relating to the disposition of Medicare or Medicare+Choice benefits are subject first to an administrative exhaustion requirement, and then to judicial review solely in federal court. *See* 42 U.S.C. § 405(g). This process—exhaustion of federal administrative remedies followed by judicial review in federal court—"is the sole avenue for judicial review of all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984).

7. Under applicable federal regulations, the Hospitals' claims for payment against THC are as "assignees" of THC's Medicare members' benefits. The exclusive federal dispute-resolution process for Medicare claims specifically contemplates disputes brought by "[a]n assignee of the [Medicare] enrollee (that is, a physician or other provider who has furnished a service to the enrollee and formally agrees to waive any right to payment from the enrollee for that service)." 42 C.F.R. § 422.574.

8	Because the Hospitals' allegations concern benefits under the federal Medicare program, their claims must be determined under the federal statutory scheme established for review of Medicare-related claims by carriers, the Secretary of Health and Human Services, and the federal district courts under the Medicare Act. "Congress provided elaborate review provisions to be used by parties dissatisfied with the initial disposition of their Medicare claims." *Bodimetric Health Servs., Inc. v. Aetna Life & Cas. Co.*, 903 F.2d 480, 483 (7th Cir. 1990). The review provisions are codified in two sections of the Social Security Act.[1]

9.	The first provision, 42 U.S.C § 405(g), provides the basis for all judicial review of Medicare benefit claims. It states that judicial review of Medicare claims shall be available only after the Secretary of Health and Human Services renders a final decision on the claim,[2] ***and then only in a federal district court***. *See* 42 U.S.C. § 405(g). In *Ringer*, the Supreme Court explained that the final decision requirement consists of two elements—(1) "presentment," a nonwaivable, jurisdictional prerequisite that a benefits claim must be presented to the Secretary of Health and Human Services, and (2) "exhaustion," a prerequisite, waivable by the Secretary, that a claimant fully pursue all available administrative remedies before seeking judicial review. 466 U.S. at 617. *See also Mathews v. Eldridge*, 424 U.S. 319 (1976). The administrative remedy procedure that must be followed for claims for a Medicare participant enrolled in a Medicare+Choice plan is set out at 42 C.F.R. § 422.560, *et seq.*

---

[1] The Medicare Act expressly provides that the review provisions from the Social Security Act are applicable to managed care organizations such as defendants, and that any reference to the "Commissioner of Social Security" or the "Social Security Administration" in section 405(g) shall be considered a reference to the "Secretary" or the "Department of Health and Human Services," respectively. *See* 42 U.S.C. §§ 1395ff(b)(1), 1395ii.

[2] Before Medicare claims reach the administrative mechanisms established within the Department of Health and Human Services, the claimant must first pursue the appropriate grievance procedures provided by the carrier. *See, e.g.*, 42 C.F.R. §§ 422.560 *et seq*

10. The second statutory review provision, 42 U.S.C. § 405(h), further restricts the availability of judicial review for Medicare-related claims. It states that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as provided herein." *Id.* It further states that no action shall be brought against "the United States, the Commissioner of Social Security, or any officer or employee thereof . . . under section 1331 or 1346 of title 28 to recover on any claim arising under this [subchapter]." *Id.*

11. The Supreme Court, reading these provisions in conjunction with one another, has held that 42 U.S.C. § 405(g) "is the sole avenue for judicial review of all 'claim[s] arising under' the Medicare Act." *Ringer*, 466 U.S. at 614-15. The Supreme Court has instructed courts to apply the term "arising under" broadly to channel any claim that is "inextricably intertwined" with claims for the payment of Medicare benefits into the exclusive Medicare dispute resolution process. *See Ringer*, 466 U.S at 615, 624; *Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975). Only claims found to be "wholly collateral" to claims for Medicare benefits are exempt from the requirement that they be adjudicated through the exclusive review scheme established by 42 U.S.C. § 405(g) and 405(h). *See Ringer*, 466 U.S. at 615 ("It is of no importance that respondents here . . . sought only declaratory and injunctive relief and not an actual award of benefits as well.").

12. State law claims by providers that are fairly characterized as challenges to the amounts paid for services provided to Medicare beneficiaries are barred. *See Midland Psychiatric Assoc., Inc. v. United States*, 145 F.3d 1000, 1005 (8th Cir. 1998) (Medicare provider's state law claim for tortious interference with contract would entangle the court in redetermining a Medicare claims decision and therefore "arose under" the Medicare Act);

*Bodimetric Health Servs.*, 903 F.2d at 487. In *Bodimetric*, plaintiffs asserted state-law claims against an insurer participating in the Medicare program that were similar to those at issue here, including allegations of fraud, negligence, breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty. The court determined that such allegations were actually based on alleged misconduct in processing Medicare claims for reimbursement. As such, the claims arose under the Medicare Act and were required to be adjudicated in federal court pursuant to the Medicare Act's exclusive dispute resolution process.

13.  The case of *Lifecare Hospitals, Inc. v. Ochsner*, 139 F. Supp. 2d 768 (W.D. La. 2001), is directly on point. The plaintiff brought an action in state court against an HMO that provided a Medicare+Choice plan to recover amounts owed for hospital services *Id.* at 770. The defendant removed to federal court and expressly reserved the right to seek dismissal for lack of subject matter jurisdiction pursuant to section 405(g) of the Medicare Act based on Lifecare's failure to exhaust administrative remedies. The *Lifecare* court accepted removal and determined that despite being couched as a state law contract action, the plaintiff's claims were, "at bottom, claims for reimbursement for benefits provided to enrollees in [defendant's] plan." *Lifecare Hospitals*, 139 F. Supp. 2d at 772. Accordingly, the claims were "inextricably intertwined with claims for benefits," and the court held that they arose under the Medicare Act. *Id.*

14.  For removal considerations, these cases all share the same dispositive characteristic: the plaintiffs attempted to present claims for Medicare benefit reimbursement as state law causes of action. In each case, however, the reviewing court discerned the true nature of plaintiffs' claims, and held them to be governed by the exclusive review scheme established for claims arising under the Medicare Act. As the Seventh Circuit aptly stated:

> A party cannot avoid the Medicare Act's jurisdictional bar simply by styling its attack as a claim for collateral damages instead of a challenge to the underlying denial of benefits. If litigants who have been denied benefits could routinely obtain judicial review of these decisions by recharacterizing their claims under state and federal causes of action, the Medicare Act's goal of limited judicial review for a substantial number of claims would be severely undermined.

*Bodimetric Health Servs.*, 903 F.2d at 487; *see also Lifecare Hosp., Inc. v. Ochsner Health Plan, Inc.*, 139 F. Supp. 2d 768, . Plaintiffs' state-law claims in this case are intertwined with payments for Medicare benefits. They are therefore subject to exclusive federal jurisdiction.[3]

### Federal Question Jurisdiction

15. Additionally, this Court has federal-question jurisdiction regarding the claims for services provided to persons covered by the Federal Employees Health Benefits Program. The resolution of such claims is governed by federal law. *See* 5 U.S.C. § 8901 *et seq.* Regulations adopted by the Office of Personnel Management, pursuant to 5 U.S.C. § 8913 set forth an administrative procedure for resolving disputed claims. *See* 5 C.F.R. § 890.105.

16. This Notice of Removal is being filed within 30 days of the service of Plaintiffs' Original Petition upon THC, pursuant to 28 U.S.C. § 1446(b).

17. Pursuant to Local Rule 81.1(3) of the United States District Court of the Northern District of Texas, the following documents are attached to this notice:

> 1. Index of Documents attached, including the description of documents filed in the state court action, and the date on which documents were filed in state court.

---

[3] Because this Court has proper jurisdiction over Plaintiffs' Medicare-related claims, it may exercise supplemental jurisdiction over any non-Medicare-related claims pursuant to 28 U.S.C. § 1367.

  2. True and correct copies of the entire record in the state court action, including all process and pleadings served or filed in the state court action as of the time of filing of this removal (arranged chronologically behind Tabs 1 and 2).

  3. True and correct copy of the docket sheet in the state court action (behind Tab 3).

  4. Certificate of Interested Persons (behind Tab 4).

18. True and correct copies of a separate Notice to State Court of Removal of Civil Action will be served upon the Hospitals' counsel and filed with the clerk of the District Court of Dallas County, Texas, pursuant to 28 U.S.C. § 1446(d).

19. In filing this notice, Defendants do not waive any defenses available to them in this action.

20. THC reserves the right to move to dismiss this suit, based on the Hospitals' failure to exhaust the administrative remedies applicable to Medicare claims and to claims of persons covered by the Federal Employees Health Benefits Program; however, those claims are removable to this Court, subject to the motion to dismiss.

WHEREFORE, Texas Health Choice, L.C., respectfully gives notice to this Court of the removal of this action from the District Court of Dallas County, Texas to this Court in accordance with the foregoing legal authorities.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Penny Hobbs
State Bar No. 09738900
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 FAX

By: *Penny Hobbs*
Penny Hobbs
State Bar No. 09738900

*Counsel for Defendant Texas Health Choice, L.C.*

OF COUNSEL:

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Judy Frederick
State Bar No. 10421300
Scott Cooley
State Bar No. 00796394
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 FAX

### CERTIFICATE OF SERVICE

I hereby certify that, on the 9th day of September, 2002, a true and correct copy of the above and foregoing Notice of Removal was served by certified mail, return receipt requested, on the following:

James E. Gjerset
Gjerset & Lorenz, L.L.P.
2801 Via Fortuna, Suite 500
Austin, Texas 78746

*Penny Hobbs*
Penny Hobbs

- 8 -